UNITED STATES of America, Appellee,

v.

William Joseph McMURTREY, Jr. and Edward August Ockel V., Appellants.

Nos. 76–1046 and 76–1078.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1976.

Decided May 13, 1976.

Rehearing and Rehearing En Banc Denied June 4, 1976.

Lawrence J. Fleming, St. Louis, Mo., for appellant, McMurtrey.

William R. Dorsey, Clayton, Mo., for appellant, Ockel.

George A. Dorsey and Norman S. London, St. Louis, Mo., for appellants.

Richard E. Coughlin, Asst. U. S. Atty., Donald J. Stohr, U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and WEBSTER, Circuit Judges.

PER CURIAM.

Defendants McMurtrey and Ockel were charged in a three count indictment with violations of § 841(a)(1) and § 846 of Title 21, U.S.C. Count I charged conspiracy to distribute marijuana and Counts II and III charged possession of marijuana with intent to distribute.

Defendants entered pleas of not guilty and filed a motion to suppress evidence. Each defendant voluntarily waived a right to a jury trial. By agreement the motion to suppress was considered with the trial on the merits.

The case was tried to the court, Judge Wangelin presiding. The court, after a full evidentiary hearing, denied the motion to suppress and found each defendant guilty on each of the three counts and imposed concurrent sentences of five-years imprisonment upon each defendant on each count, to be followed by a special parole term of two years. Each defendant has taken a timely appeal from his conviction and sentence. The appeals were consolidated for briefing and argument.

The critical issue raised by the appeals is whether Edward Ockel, Sr., had

authority to consent to the search by Government agents of a shed on his farm.

Mr. and Mrs. Ockel, Sr., own a sixteen hundred acre farm operated by Mr. Ockel. They lived in the house located on the farm. Marital difficulties developed between them in the fall of 1974. Mr. Ockel left the home but continued to operate the farm. Immediately adjoining the house is a storage shed with an outside entrance but no entrance to the house. Small tools, a chain saw, painting equipment, garden tools and a little of everything were stored in the shed. Mr. Ockel testified he had been in the shed three or four times since leaving the house. Mrs. Ockel testified she did not know whether the tools remained in the shed after Mr. Ockel had left. There is no testimony that Mr. Ockel relinquished his possessory right to the shed or any other building after leaving the house.

■ The trial court filed a memorandum opinion, reported at 405 F.Supp. 777 (E.D. Mo.1975), which makes detailed and extensive findings of fact. As stated by the trial court at p. 779 of 405 F.Supp., it is well-established law that a warrantless search may be made upon the basis of consent obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected. *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 249 (1974); *see United States v. Heisman*, 503 F.2d 1284, 1289 (8th Cir. 1974).

Judge Wangelin, upon the basis of his findings of fact, determined:

The facts adduced at trial do not clearly indicate whether or not Mr. Ockel, Sr. had given up his residence at the house on his farm. However, the evidence clearly indicates that he had not given up his rights to access to the shed near the house on the property. Mr. Ockel, Sr. kept various tools, and lawn and garden equipment, in the shed, which he used to maintain the lawn around the house and for other work on the farm. Neither Mr. Ockel, Sr. or Mrs. Ockel had rented the property to their son, defendant Ockel. [405 F.Supp. at 778-779.]

We have carefully examined the record. The foregoing determination is supported by substantial evidence and is not clearly erroneous. The record clearly reflects that Ockel, Sr. broadly consented to all searches made.

Defendants raise the additional issue that the failure of the Government to obtain a search warrant after the defendants were arrested and prior to the seizure of the marijuana in the shed without a warrant violates their constitutional rights and that the Count III evidence should be suppressed. We hold that the broad consent to enter the premises given by Mr. Ockel, Sr. remained in effect at the time the marijuana was taken from the shed.

The judgments appealed from are affirmed.